UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-22014-CIV-SEITZ

EDUARDO GARCIA,

    Plaintiff,

v.

SEDANO'S MARKET, INC.,

    Defendant.
_____/

## ORDER FOLLOWING FINAL PRETRIAL CONFERENCE RE: STATUTE OF LIMITATIONS AND SUBSTITUTION OF PARTIES

THIS MATTER is before the Court following the June 29, 2021 final pretrial conference at which the Parties raised two legal issues that required additional briefing. The first issue related to the applicable time period for the Plaintiff to seek damages related to his FLSA failure to pay overtime claim. The second issue related to whether the Plaintiff should be permitted to substitute and/or add Defendants to this action on the eve of trial. The Court directed both Parties to file a two-page brief on both issues. Plaintiff submitted a Memorandum of Law addressing both issues [DE 109] and Defendant Sedanos Market, Inc., made two filings, a Statement to Determine Relevant Time Period [DE 107] and a Motion for Judgment on the Pleadings-Failure to Name Proper Party to address the second issue [DE 108]. Having reviewed the Parties' filings and the record, the Court finds as follows:

1

Relevant Time Period

The relevant time period for the Plaintiff's FLSA claims are 2 years prior to May 17, 2019 and 3 years prior to May 17, 2019, if Plaintiff proves Defendant's reckless disregard for the FLSA provisions. As explained in *Knight v. Columbus, Georgia*, 19 F. 3d 579, 582 (11th Cir. 1984), under the FLSA, each failure to pay overtime begins a new statute of limitations period as to that particular event, rather than a continuing violation from the first failure to pay overtime. Thus, the FLSA statute of limitations permits a plaintiff to pursue a cause of action with respect to any claims that accrued within two years (or three years if willful), from the date the complaint was filed. *Id*. Here, because the Complaint was filed on May 17, 2019 [DE 1], the Plaintiff's claims are limited to two and/or three years before that date, not two years before the last date of Plaintiff's employment on August 13, 2018.

Pleading Amendment

Pursuant to Fed. R. Civ. P. 15(c), the Plaintiff may amend the Complaint to substitute the proper Defendants by interlineation. Amendment is appropriate under the facts of this case because it was not until Ricardo Carbonell's October 17, 2019 deposition that the Plaintiff knew or should have known that he had named the incorrect corporate defendants. Plaintiff has submitted emails between counsel after that deposition which reflect that Defendant's Counsel did not intend to object to the Plaintiff's substitution of Parties by interlineation, and in fact agreed [DE 109-4]. The emails also reflect that Plaintiff sought to depose corporate representative David

2

Valdez or others to clarify Sedano's structure before abandoning his claims against Sendano's Supermarket, Inc., by substituting the correct defendants [DE 109-4].

However, the Court's original scheduling Order set a September 27, 2019 deadline for amending pleadings [DE 23]. The Parties jointly moved to extend that deadline and the discovery deadline until January 31, 2020 [DE 32 at 2, 3], but Judge Ungaro denied that request [DE 33]. Plaintiff was therefore unable to substitute the proper Parties. Further, the Defendant did not file any motion on this issue, but waited until the final pretrial conference, 3 days before trial, to raise this issue to the Court. Thus, given that the Parties agreed in their email exchanges that Plaintiff could substitute the correct defendants and the fact that Plaintiff was unable to do so because he was beyond the Court's initial deadline to make the substitution, the Court grants the Plaintiff's request to substitute the correct Defendants. This determination is consistent with representations made in the Parties' Joint Statement of Undisputed Facts which stated that Plaintiff was an employee of Sedano's Market, Inc., [DE 104 at 1].

The Court further concludes that, pursuant to Fed. R. Civ. P. 15(c)(1)(C), this amendment relates back to the filing of the Complaint. Although Defendant makes a good argument regarding whether the Plaintiff made a "mistake" following the Carbonell deposition, given the filings before the Court on this issue, it is clear that the Parties contemplated, and agreed to permit the Plaintiff to substitute the correct Defendants.

Therefore, it is

ORDERED THAT

1. The relevant time period for the Plaintiff's FLSA claims are 2 years prior to May 17, 2019 and 3 years prior to May 17, 2019, if the Plaintiff proves reckless disregard for the FLSA provisions.

2. Defendants Lierganes Enterprises, Inc., and/or Suanes Enterprises, Inc., will be substituted by interlineation with Defendant Sedano's Market Inc.[1]

DONE AND ORDERED in Miami, Florida, this 1st day of July, 2021.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: All counsel of record

---

[1] The Parties shall advise the Court if newly named Defendants shall be designated as d/b/a Sedano's Market.